# Supreme Court of Florida

_____

No. SC20-178
_____

**DONALD DAVID DILLBECK,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

September 3, 2020

PER CURIAM.

Donald David Dillbeck, a prisoner under sentence of death, appeals the

circuit court's order summarily dismissing his third successive motion for

postconviction relief, which was filed under Florida Rule of Criminal Procedure

3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

## I. BACKGROUND

Dillbeck was convicted of the 1990 first-degree murder, armed robbery, and

armed burglary of Faye Vann. *Dillbeck v. State*, 643 So. 2d 1027 (Fla. 1994), *cert.*

*denied*, 514 U.S. 1022 (1995). This Court affirmed Dillbeck's convictions and

sentence of death on direct appeal. *Id.* at 1028. We thereafter denied Dillbeck's

petition for a writ of habeas corpus and affirmed the denial of one of his initial postconviction claims but remanded for the trial court to support its denial of the remaining claims in Dillbeck's initial postconviction motion. *Dillbeck v. State*, 882 So. 2d 969 (Fla. 2004). After remand, this Court affirmed the denial of the remainder of Dillbeck's initial postconviction claims. *Dillbeck v. State*, 964 So. 2d 95 (Fla. 2007). We affirmed the denial of Dillbeck's first successive motion for postconviction relief, *Dillbeck v. State*, 168 So. 3d 224 (Fla. 2015), and his second successive motion, *Dillbeck v. State*, 234 So. 3d 558 (Fla.), *cert. denied*, 139 S. Ct. 162 (2018).

In May 2019, Dillbeck filed his third successive motion for postconviction relief, in which he raised a single claim of newly discovered evidence based on reports written in 2019 by three doctors, one of whom diagnosed him with Neurodevelopmental Disorder associated with Prenatal Alcohol Exposure (ND-PAE), a diagnosis that was first recognized in the 2013 publication of the Diagnostic and Statistical Manual, Fifth Edition (DSM-5). Dillbeck alleged that the results of quantitative electroencephalogram (qEEG) brain scans and neurocognitive test results, which were not available at the time of trial, revealed quantifiable brain damage in certain areas of the brain that could explain his criminal conduct in a manner that the defense experts at trial were unable to provide. Dillbeck asserted that there is a reasonable probability that the mitigating

effects of the ND-PAE diagnosis are of such a nature that they would probably produce a life sentence at a retrial. The trial court dismissed the motion as untimely. Dillbeck now appeals the dismissal of that motion.

## II. ANALYSIS

A motion for postconviction relief must be filed within one year of the date the defendant's conviction and sentence become final. Fla. R. Crim. P. 3.851(d)(1). Dillbeck's conviction and sentence became final when the United States Supreme Court denied certiorari review of the direct appeal proceedings on March 20, 1995. *Dillbeck v. Florida*, 514 U.S. 1022 (1995); *see* Fla. R. Crim. P. 3.851(d)(1)(B) ("For the purposes of this rule, a judgment is final . . . on the disposition of the petition for writ of certiorari by the United States Supreme Court, if filed."). The one-year time limit therefore expired in 1996. But there is an exception to the one-year time limit for motions alleging "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence." Fla. R. Crim. P. 3.851(d)(2)(A). According to Dillbeck, the facts on which his claim is based are "the new diagnosis of ND-PAE and the qEEG and other neurocognitive test results supporting it."

Although the new diagnosis of ND-PAE was included in the DSM-5, published in 2013, and qEEG scans have been recognized by this Court as being

used since 2005, *see Lebron v. State*, 232 So. 3d 942, 954 (Fla. 2017), Dillbeck claims that the possibility that he might suffer from and meet the diagnostic criteria for ND-PAE first arose on May 10, 2018, when he was evaluated by Dr. Faye Sultan, and that May 10, 2018, is the earliest potential date the one-year clock could have started to file his claim based on this newly discovered evidence. Thus, he believes this claim was timely filed on May 1, 2019. We disagree.

"To be considered timely filed as newly discovered evidence, the successive rule 3.851 motion was required to have been filed within one year of the date upon which the claim became discoverable through due diligence." *Jimenez v. State*, 997 So. 2d 1056, 1064 (Fla. 2008). Dillbeck and his counsel knew that Dillbeck had brain damage related to fetal alcohol exposure even before he was sentenced in 1991. Thus, the facts on which the claim is predicated—a diagnosis of ND-PAE and qEEG results—could have been discovered by the exercise of due diligence as early as 2013, when ND-PAE became a diagnosable condition. Dillbeck and his counsel failed to exercise diligence by waiting until 2018 to pursue evaluation, testing, and a diagnosis of ND-PAE. Thus, the trial court did not err in dismissing Dillbeck's motion as untimely.

### III. CONCLUSION

For these reasons, we affirm the circuit court's order dismissing Dillbeck's third successive motion for postconviction relief.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Leon County,
        J. Lee Marsh, Judge - Case No. 371990CF002795AXXXXX

Baya Harrison III, Monticello, Florida,

        for Appellant

Ashley Moody, Attorney General, and Charmaine Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

        for Appellee